FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 8 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------X

RICHARD RICHARDSON,

                       Plaintiff,

  -against-

NEW YORK CITY TRANSIT,

                     Defendant.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

12-CV-5424 (ARR)

ROSS, United States District Judge.

On October 26, 2012, <u>pro se</u> plaintiff Richard Richardson filed this action against New York City Transit, a division of the Metropolitan Transportation Authority ("MTA"). Plaintiff's request to proceed <u>in forma pauperis</u> is granted for the purpose of this Order. For the reasons set forth below, the action is dismissed.

## BACKGROUND

Plaintiff alleges that he injured his leg on February 18, 2011, as a result of trash left on the stairs leading into the Broadway Junction subway station in Brooklyn. He states that because of the trash, he "miss[ed] a step and came down hard on my right leg and knee," which caused "large joint effusion" and other injuries to his leg. Compl. at 1. Plaintiff filed a claim with the MTA, Claim # 20110218-0016-001, and testified at a hearing on June 14, 2011. He alleges that the hearing examiner "told me to ask for five thousands dollar[s]" and asked him if he had a lawyer. <u>Id.</u> at 2. Plaintiff states that the MTA did not reach a settlement with him because "they knew I didn't have a[] lawyer." <u>Id.</u> at 3.

The Complaint does not seek any specific relief.

## DISCUSSION

### A.  Standard of Review

The court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.  Factual allegations alone are what matters." Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc).

However, 28 U.S.C. § 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); accord Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §

2

1331, 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

Plaintiff's complaint does not assert any valid basis for this Court's jurisdiction over his claims, as he has neither presented a federal question nor asserted diversity jurisdiction. In essence, plaintiff's allegations about misplaced trash suggest a state law claim for negligence, which does not come within the jurisdiction of the federal courts. See Obunugafor v. Borchert, No. 01 CIV. 315(WK), 2001 WL 1255929 (S.D.N.Y. Oct. 19, 2001) ("In essence, Plaintiff's claim for negligence or medical malpractice is a state claim and is neither created by federal law nor necessarily depends on the resolution of a substantial question of federal law."); see also Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.") Merely negligent conduct causing unintended injury – even by a state official – is not sufficient to state a claim for compensation that is constitutionally required. Daniels v. Williams, 474 U.S. 327, 333 (1986) (holding constitutional protections are not triggered by lack of due care by state officials).

Plaintiff has not alleged that the citizenship of the parties is diverse and that he exceeds the amount-in-controversy requirement necessary for diversity jurisdiction. As plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction over this action. Fed. R. Civ. P. 12(h)(3). Any potential state law claims are

3

dismissed without prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore in forma pauperis status is

denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct.

917, 920 (1962).

      SO ORDERED.

                                /S/ Judge Allyne R. Ross

                                ALLYNE R. ROSS
                                United States District Judge

Dated: Brooklyn, New York
       November     , 2012

4

**Service List:**

Richard Richardson
P.O. Box 2288
Brooklyn, NY 11201

6